## EDMUND KIRBY v. HENRY MAYO.

A question of fact, decided by the county court, cannot be reversed in this court, on exceptions.

In ejectment, where the issue is tried by the court, if the evidence was sufficient for a jury to infer an adverse possession, the judgment of the court will not be reversed, because the court inferred such a possession as a jury might have done.

EJECTMENT, to recover the seizin and possession of the undivided half of five acre lot number eighty-six, in Burlington. Plea, not guilt, and trial by the court.

On the trial in the county court, the plaintiff gave in evidence, a deed from James Sawyer to Brett & Bunn and to the plaintiff, of certain lands in Burlington, including the land in question. A deed from John Bunn, survivor of Brett & Bunn, to Isaac Hyer, conveying all the right, title and interest of the said Bunn in the land so sold to Brett & Bunn, and a deed of warranty of the whole premises from Isaac Hyer to the defendant, Mayo, dated Sept. 2, 1820, and recorded in the town clerk's office in Burlington.

The defendant introduced two witnesses. The first witness testified that he worked for Mayo, in the year 1821, on the land, cutting bushes, clearing it off and fencing it, and that Mayo used to speak of it as his own land, and used it as such, and has been in possession of it since that time. But the witness had no knowledge of the title, and heard

nothing particularly said about it. The other witness testified that he labored for Mayo, on the land in question, in 1822, and at various other times since ; that Mayo called it his own land and used it as such, and has continued in sole possession of it ever since, treating and claiming it as his sole property. Witness knew nothing of Mayo's title, nor of the ground of his claim, and never heard any thing particularly about it.

The possession was demanded some few days before the service of the writ, which was on the 7th of March, 1839, and no evidence was offered of any claim by the plaintiff before that time.

On this evidence the court ruled that the entry and possession of Mayo were adverse, and that the plaintiff was barred by the statute of limitations, and rendered judgment for the defendant, to which the plaintiff excepted.

*C. Adams*, for plaintiff.

1. The title of the parties is that of tenants in common, and both claim from the same source. There may be a doubt as to the amount legally conveyed to Mayo ; but call it one half, and, in that case, the parties are legally entitled each to an undivided half of the land.

2. The entry of the defendant was not tortious. The entry was under a deed, conveying a legal interest in the land, and giving the defendant a legal right to enter. In such case, the entry can never, of itself, be tortious. After having entered, the tenant may resist the entry of his co-tenant, or he may actually turn him out, and in that may become a disseizor ; but without some act done, after the entry, there can be no disseizin.

There is a distinction between an entry under a deed conveying a title, but expressing more than the grantor owned, and under a deed where no title is conveyed. In the last case the entry is necessarily tortious, and therefore adverse ; but, in the first case, the entry was of right and therefore not adverse.

3. The entry of the defendant must be presumed to be in subordination to his legal title, and this presumption cannot be rebutted by inference. Adverse possession is to be taken strictly. It is never to be made out by inference, but by clear and positive proof. A silent possession, accompanied

by no act which can amount to an ouster or notice of adverse possession, is not sufficient. 12 Johns. 365. 4 Cond. R. 608. 9 Cowen, 241. 5 Burr. 2607. 1 East, 569.

4. The evidence, in this case, proves no adverse possession, nor any disseizin, and no presumption of that kind can be raised from it.

5. Evidence of this kind would not have been sufficient to sustain an action of ejectment by *Kirby* v. *Mayo,* nor would it have avoided Kirby's deed on the ground of adverse possession ; and we insist that nothing short of this can bar the plaintiff in this action.

6. Disseizin is a question of fact and not of law. The court erred in considering the exclusive possession of the defendant as constituting a legal bar. The jury may, from lapse of time, presume a disseizin ; but there can be no such presumption of law. *Fisher* v. *Prosser,* Cowper, 217.

*J. Maeck,* for defendant.

The facts in this case warranted the court in coming to the conclusion that plaintiff was disseized by the defendant's entry, and that the defendant's possession was adverse to plaintiff.

1. Where there is no acknowledgment of other tenants' title, or claim or demand of rents, an actual ouster may be presumed from mere length of time. *Fisher* v. *Prosser,* 1 Cowp. 217.

2. Where a grantee enters under a deed, professing to convey the whole land, and to constitute him the sole and absolute owner thereof, the law presumes his entry and possession to be in accordance with his deed. The deed gives color, character and extent, to his possession, and he is presumed to possess according to his right. *Catlin* v. *Kidder,* 7 Vt. R. 14. *Beach* v. *Sutton,* 5 do. 200. *Crowell* v. *Beebee,* 10 do. 33. *Shumway* v. *Holbrook,* 1 Pick. 117. *Kittredge* v. *Proprietors,* 17 Pick. 246. *Clapp* v. *Bromagham,* 9 Cowen, 530. *Bogardus* v. *Trinity Church,* 4 Paige, 200. *Jackson* v. *Smith,* 13 Johns. 406.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears that the issue in this case was tried by the court, and any facts which they may have

CHITTENDEN,
*January,*
1841.

Kirby
*v.*
Mayo.

found cannot be a subject of inquiry here, on exceptions. There was evidence in this case from which a jury might have inferred an adverse possession of the defendant, and an ouster of the plaintiff.

The possession of a tenant in common, as well as that of a tenant at will, may become adverse, so that his co-tenants, or the landlord, may treat him as a trespasser, and maintain an action against him as such ; and as the court, on the evidence, may have found such ouster and adverse possession, their judgment cannot be reversed. As the case is presented, we are all agreed that the judgment be affirmed.